# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROSEMARY GARITY,

    Plaintiff,

v.

APWU-AFL-CIO, *et al.*,

    Defendants.

Case No. 2:11-CV-01110-KJD-CWH

**ORDER**

    Presently before the Court are Defendants' Motions to Dismiss (#19/20). Plaintiff filed a Joint Response in Opposition (#38) to which Defendants replied (#39/40). Also before the Court is Plaintiff's Motion for Judicial Order that Service of Process has been Effectuated (#50). Defendants filed a response in opposition (#52). Plaintiff also filed a Motion to Keep Cases Separated as Originally Filed (#28). In response, Defendants filed a Joint Motion to Consolidate and Opposition to Plaintiff's Motion (#30) to which Plaintiff replied (#37). Plaintiff also filed a Motion Requesting Court's Permission to Sue for Breach of Fiduciary Duty and under LRMA § 501 (#36). Defendants filed a response in opposition (#42). Additionally, Plaintiff filed a Motion for Leave to File a Supplemental Pleading (#46). Defendants filed a Joint Response (#48) in opposition to which Plaintiff replied (#51). Since the Court grants Plaintiff leave to file an amended complaint, the Court will deny Plaintiff's motion to file a supplemental pleading as moot. Any "supplemental" claims

may be included with Plaintiff's amended complaint to the extent that those claims comply with the present order. Additionally, before the Court is Defendant Patrick Donahoe's Motion to Dismiss (#70).

I.  Background

On July 6, 2011, Plaintiff filed the present complaint asserting, essentially, her local postal workers union, Defendant APWU-LOCAL #7156 ("the Local"), violated its duty of fair representation by failing to file and investigate grievances, by abandoning and withdrawing grievances, and by failing to represent Plaintiff.  Furthermore, Plaintiff alleges that the Local and the APWU-AFL-CIO ("the National") breached the union Constitution and Bylaws in twenty-one separate ways.  Plaintiff also alleges a cause of action for unfair labor practices, common law breach of fiduciary duty, and violation of the Labor Managment Relations Act ("LMRA") § 501.  Further counts allege violations of Plaintiff's Weingarten rights and the Civil Service Reform Act, 5 U.S.C. § 7114(a)(2)(B).  Finally, Plaintiff asserts that her Constitutional right to free speech was violated at the Local's meetings.

Defendants have moved to dismiss Plaintiff's complaint asserting lack of service of process and failure to state a claim upon which relief may be granted.  Defendants also seek to have Plaintiff's present complaint consolidated with 2:11-cv-1109-PMP-CWH which alleges Plaintiff was discriminated against under Title VII of the Civil Rights Act of 1964.  Plaintiff further seeks leave to amend her complaint and to bring claims against the Local and National under Weingarten and the Civil Service Reform Act.

II. Service of Process

Defendants moved to dismiss the action for Plaintiff's failure to serve the summons and complaint in compliance with Federal Rule of Civil Procedure 4.  Though Plaintiff's original service by certified mail did not satisfy the requirements of Rule 4, the Court construes Plaintiff's *pro se* pleadings liberally.  The Court construes Plaintiff's response in opposition to the motion to dismiss, the motion to deem service as having been effected, and the subsequent attempts (#35/59) to serve

2

Defendants as a motion to extend time to serve the complaint in compliance with Rule 4. Having reviewed the Summons Returned Executed (#35/59), the Court finds that Plaintiff has served the summons and complaint in compliance with Rule 4 and denies the motion to dismiss on this ground. Plaintiff's motion to deem service effective is denied as moot.

III. Motion to Consolidate and Motion to Keep Cases Separated

Plaintiff's present complaint concerns her allegations that Defendants violated their duty of fair representation. Plaintiff's other complaint alleges that her rights were violated under Title VII of the Civil Rights Act of 1964. The Court finds that Defendants have failed to show that both complaints contain common questions of law or fact sufficient to justify consolidating them. Therefore, the Court denies the motion to consolidate and grants the motion to keep the cases separated.

IV. Motion Requesting Permission to Sue Derivatively for Breach of Fiduciary Duty/LRMDA § 501

Plaintiff's request to sue derivatively for breach of fiduciary duties must be denied. The Local and National are not proper parties under 29 U.S.C. § 501(b). A plaintiff wishing to sue under Section 501 must first make a demand on the union to sue or recover, which Plaintiff did not do. See Phillips v. Osborn, 403 F.2d 826, 828 (9th Cir. 1968); Bldg. Mat'l and Dump Truck Drivers, Local 420 v. Traweek, 867 F.2d 500, 506 (9th Cir. 1989); Fed. R. Civ. Pr. 23.1(b). Such a demand is a jurisdictional prerequisite under Section 501. Id. Plaintiff's claims deal with her own grievances and not the welfare of the union membership as a whole, and thus, a derivative action alleging breaches of fiduciary duties is not proper. See Phillips, 403 F.2d at 831-32. Therefore, Plaintiff's motion requesting permission to sue derivatively for breach of fiduciary duties under Section 501(b) is denied. Further, Counts IV and V of Plaintiff's complaint are dismissed.

V. Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

VI.  Motion to Dismiss the Claims for Breach of Duty of Fair Representation

First, all claims against the National in Count I and II are dismissed, because no actionable conduct by the National has been alleged by Plaintiff. Every factual allegation includes action taken or not taken by the Local or an agent of the Local. Furthermore, an international union is not vicariously liable for the conduct of a local union simply by virtue of the local union's affiliation with it. See Carbon Fuel Co. v. United Mine Workers of Am., 444 U.S. 212 (1979). Article 16, § 6(c) of the APWU Constitution designates local unions chartered as subordinate bodies as "fully autonomous." Plaintiff must allege with specific facts that the National instigated, ratified, or encouraged the Local's activities. Accordingly, all claims are dismissed against the National with leave granted to Plaintiff to amend.

A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. See Vaca v. Sipes, 386 U.S. 171, 190 (1967). A union may not arbitrarily ignore a meritorious grievance

4

or process it in a perfunctory fashion.  Id. at 191.  However, having conducted an adequate investigation and having determined that arbitration would be fruitless, or that a grievance should be dismissed, or settling the grievance short of arbitration, alone, is not grounds for a suit for breach of the duty of fair representation absent evidence of personal hostility to Plaintiff.  Id. at 192, 194.  The Supreme Court has long recognized that unions must retain wide discretion to act in what they perceive to be their members' best interests.  See Peterson v. Kennedy,771 F.2d 1244, 1253 (9th Cir. 1985)(citing Vaca, 386 U.S. at 182; Ford Motor Co. v. Huffman, 345 U.S. 330, 337-38 (1953)).  Thus, courts have "stressed the importance of preserving union discretion by narrowly construing the unfair representation doctrine." Johnson v. USPS, 756 F.2d 1461, 1465 (9th Cir. 1985); Peterson, 771 F.2d at 1253.

"Whether in a particular case a union's conduct is "negligent", and therefore non-actionable, or so egregious as to be "arbitrary", and hence sufficient to give rise to a breach of duty claim, is a question that is not always easily answered." Peterson, 771 F.2d at 1253.  A union acts "arbitrarily" when it simply ignores a meritorious grievance or handles it in a perfunctory manner, see Vaca, 386 U.S. at 191, for example, by failing to conduct a "minimal investigation" of a grievance that is brought to its attention.  See Tenorio v. Nat'l Labor Relations Bd., 680 F.2d 598, 601 (9th Cir. 1982). The Ninth Circuit has said that a union's conduct is "arbitrary" if it is "without rational basis," see Gregg v. Chauffeurs, Teamsters and Helpers Union Local 150, 699 F.2d 1015, 1016 (9th Cir. 1983), or is "egregious, unfair and unrelated to legitimate union interests." Johnson, 756 F.2d at1465.  In Robesky v. Qantas Empire Airways Ltd., 573 F.2d 1082, 1089-90 (9th Cir. 1978), the court held that a union's unintentional mistake is "arbitrary" if it reflects a "reckless disregard" for the rights of the individual employee, but not if it represents only "simple negligence violating the tort standard of due care."

In all cases in which the Ninth Circuit has found a breach of the duty of fair representation based on a union's arbitrary conduct, it is clear that the union failed to perform a procedural or ministerial act, that the act in question did not require the exercise of judgment and that there was no

5

rational and proper basis for the union's conduct. For example, the Ninth Circuit found a union acted arbitrarily where it failed to: (1) disclose to an employee its decision not to submit her grievance to arbitration when the employee was attempting to determine whether to accept or reject a settlement offer from her employer, see Robesky, 573 F.2d at 1091; (2) file a timely grievance after it had decided that the grievance was meritorious and should be filed, see Dutrisac v. Caterpillar Tractor Co., 749 F.2d 1270, 1274 (9th Cir. 1983); (3) consider individually the grievances of particular employees where the factual and legal differences among them were significant, see Gregg, 699 F.2d at 1016; or (4) permit employees to explain the events which led to their discharge before deciding not to submit their grievances to arbitration. See Tenorio, 680 F.2d at 601.

The Ninth Circuit has rarely held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance. To the contrary, the court has held consistently that unions are not liable for good faith, non-discriminatory errors of judgment made in the processing of grievances. See, e.g., Castelli v. Douglas, 752 F.2d 1480, 1482 (9th Cir. 1985); Dutrisac, 749 F.2d at 1273; Singer v. Flying Tiger Line, Inc., 652 F.2d 1349, 1355 (9th Cir. 1981); Ness v. Safeway Stores, Inc., 598 F.2d 558, 560 (9th Cir. 1979); see also Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 571 (1976). A union's conduct may not be deemed arbitrary simply because of an error in evaluating the merits of a grievance, in interpreting particular provisions of a collective bargaining agreement, or in presenting the grievance at an arbitration hearing. See Dutrisac, 749 F.2d at 1273. A court should not attempt to second-guess a union's judgment when a good faith, non-discriminatory judgment has in fact been made. "It is for the union, not the courts, to decide whether and in what manner a particular grievance should be pursued." Peterson, 771 F.2d at 1254.

Applying these principles to Plaintiff's complaint, the Court finds that Defendants' motions to dismiss should be granted for the claims in Counts I and II. However, the Court grants Plaintiff leave to amend her complaint. For each grievance that Plaintiff asserts should have been filed or should have been pursued further in the grievance or arbitration process, she must specify the

6

following: (1) the date of each claim; (2) the exact conduct leading to an actionable violation that should have been grieved or pursued further; and (3) the exact inaction which Plaintiff alleges leads to a breach of the duty of fair representation, such as whether the grievance was ignored, perfunctorily dismissed, or the specific conduct showing that the grievance was not pursued due to hostility toward Plaintiff.

The Court does not grant Plaintiff leave to include in the amended complaint the grievances that were never filed. As recognized in Vaca, the basis of a claim for breach of the duty of fair representation is the union's "sole power" to invoke stages of the grievance procedure, thereby preventing Plaintiff from exhausting her contractual remedies. Vaca, 386 U.S. at 185. The collective bargaining agreement at issue in this case allowed employees to pursue grievances on their own at the first step. The Local then had sole authority to appeal adverse decisions from the first step and thereafter. The Local had no duty to pursue grievances at the first step, though it was allowed to do so. However, employees were required to take the first step, discussing the grievance with the employee's immediate supervisor, within fourteen (14) days. Since the employee rather than the Local was required to initiate the first step in the grievance procedure, Plaintiff cannot hold the Local liable for failing to use its discretion under the collective bargaining agreement to pursue the first step in the grievance procedure, because the Local did not hold the "sole power" to access Plaintiff's contractual remedies. See Peterson, 771 F.2d at 1254; Vaca, 386 U.S. at 185.

VI.  Common Law Torts

To the extent that Plaintiff's allegations raise claims of common law torts against the National or Local, the Court grants the motions to dismiss those claims because they are pre-empted by § 301 of the Labor Management Relations Act ("LMRA"). "[A]ny state-law cause of action for violation of collective bargaining agreements is entirely displaced by federal law under § 301." United Steelworkers of Am. v. Rawson, 495 U.S. 362, 368 (1990).

VII.  Breach of the APWU Constitution

Count II of the complaint also alleges violations by the Local and National of the National Union's Constitution.  However, a member must exhaust internal union procedures before filing suit. See Ackley v. W. Conference of Teamsters, 958 F.2d 1463, 1477 (9th Cir. 1992)(exhaustion requirement applies to suits arising over internal union matters such as interpretation and application of union constitution).  Since Plaintiff does not dispute that she failed to exhaust internal union procedures, these claims are dismissed without leave to amend.

VIII. Unfair Labor Practices

Plaintiff asserts claims in Count III for "Unfair Labor Practice under (4) (D) of section 81e of the NLRA[.]" However, the Court must dismiss these claims because they are within the primary jurisdiction of the National Labor Relations Board ("NLRB").  Even if the claims were within the jurisdiction of the Court, they would be barred by the six month statute of limitations.  See DelCostello v. Teamsters, 461 U.S. 151, 163-64 (1983).

IX.  Breach of Fiduciary Duties

In Counts IV and V, Plaintiff asserted claims for breach of fiduciary duties and other claims that officials breached the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411, et. seq.  The Court dismissed Counts IV and V, see *infra*, and to the extent that the Court has any jurisdiction over these claims or the free speech claim in Count VI, Plaintiff has failed to allege that she exhausted any reasonable hearing procedures before instituting legal proceedings.  See 29 U.S.C. § 411(a)(4).  Therefore, the Court dismisses all of Plaintiff's claims arising under the LMRDA.

X.  Weingarten Claim

Count VII alleges violations of Plaintiff's rights under NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975)(upholding NLRB rule that an employer–not union–must permit an employee to have the assistance of a shop steward if the employee reasonably fears that discipline may result from an investigatory interview).  However, this right is enforced by the NLRB.  There is no private right of

action for violations of the NLRA.  See 29 U.S.C. 158(a)(1).  Therefore, the Court grants the motion to dismiss this claim.  Furthermore, Plaintiff sued the USPS and Patrick Donahoe alleging the same facts.  Patrick Donahoe has moved to dismiss this claim separately.  The Court grants his motion to dismiss for the same reasons.

Additionally, Plaintiff cites violations, in Counts VII and VIII, of the Civil Service Reform Act, 5 U.S.C. § 7114 (a)(2)(B), which regulates federal employers.  The Act does not apply to the Postal Service or postal unions.  Labor relations with the Postal Service are governed by the NLRA, 39 U.S.C. § 1209(a).  Accordingly, the Court dismisses Counts VII and VIII.

XI.  Constitutional Claims

To the extent that Plaintiff raises constitutional claims, particularly violations of her right to free speech at Local meetings in March, April and June 2011, the Court dismisses these claims.  First, the claims only cite alleged violations against the Local.  Second, the Constitution only regulates government conduct.  Therefore, the claims against the Local and National are dismissed.

XII.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant APWU-AFL-CIO's Motion to Dismiss (#19) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant APWU Local #7156's Motion to Dismiss (#20) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend the claims included in Counts I and II of her Complaint (#1) in compliance with the Court's present order;

IT IS FURTHER ORDERED that all other claims are **DISMISSED with prejudice**;

IT IS FURTHER ORDERED that Plaintiff shall file her Amended Complaint within fourteen (14) days of the entry of this order, failure to do so will result in this action being dismissed;

IT IS FURTHER ORDERED that Plaintiff's Motion for Judicial Order that Service of Process has been Effectuated (#50) is **DENIED as moot**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Keep Cases Separated as Originally Filed (#28) is **GRANTED**;

IT IS FURTHER ORDERED that Defendants' Joint Motion to Consolidate (#30) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion Requesting Court's Permission to Sue for Breach of Fiduciary Duty and under LRMA § 501 (#36) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Supplemental Pleading (#46) is **DENIED as moot**;

IT IS FURTHER ORDERED that Defendant Patrick Donahoe's Motion to Dismiss (#70) is **GRANTED**.

DATED this 24th day of January 2012.

_____
Kent J. Dawson
United States District Judge