UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROSEMARY GARITY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-01110-KJD-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| APWU-AFL-CIO, | ) | |
| APWU LOCAL #7156, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendants' Motion to Stay Discovery (#84), filed February 23, 2012. By way of this motion, Defendants' request that the Court stay discovery pending resolution of their pending motion to dismiss (#81). The motion is unopposed.

Pursuant to Local Rule ("LR") 7-2(b), "[u]nless otherwise ordered by the Court, points and authorities in response shall be filed and served by an opposing party fourteen (14) days after service of the motion." Further, as a general matter, courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court undertook a detailed and thorough review of the state of the law as pertains to staying discovery. The court determined that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach remains as was previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997). Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery" unless jurisdiction, venue, or immunity are preliminary issues. *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 652).

The party seeking a stay of discovery "carries the heavy burden of making a strong showing

why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556. Dispositive motions are a frequent part of federal practice. An overly lenient standard for granting requests to stay due to pending dispositive motions would result in unnecessary delay in many cases. Thus, in the context of a pending Rule 12(b)(6) motion, "[a] stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Id*. at 603. This often requires a magistrate to take a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id*. (citation omitted). That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.

The Court has preliminarily reviewed the pending motion to dismiss and finds that Defendants' have made the preliminary showing necessary to support the requested stay. The amended complaint was filed on February 6, 2012. It contains several factual allegations regarding claims that the Court previously dismissed. *See* Order (#75). It also contains several claims that do not appear to comply with the Court's prior dismissal order regarding Counts I and II. Finally, the Court is convinced that many of the specifically alleged grievances will not survive the motion to dismiss. At this stage in the proceedings, rather than speculate as to which of the grievances, if any, will be allowed to proceed, the Court, in keeping with the mandate of Rule 1, will grant the requested stay of discovery.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery (#84) is **granted**. Discovery in this matter is stayed pending resolution of Defendants' Motion to Dismiss (#81)

DATED this 22nd day of May, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge