# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROSEMARY GARITY,

    Plaintiff,

v.

APWU-AFL-CIO, *et al.*,

    Defendants.

Case No. 2:11-CV-1110-KJD-CWH

**ORDER**

    Presently before the Court is Defendants APWU-AFL-CIO and APWU-Local #7156's Motion to Dismiss Amended Complaint (#81/82). Defendant Patrick Donahoe Joined (#88) the motion to dismiss. Plaintiff filed a response in opposition (#90) to which Defendants replied (#92). Also before the Court is Plaintiff's Motion to Amend/Correct the Complaint (#91). Defendants filed responses in opposition (#93/95) to which Plaintiff replied (#94). Plaintiff also filed Motions for Leave to Supplement (#96/102) the motion to dismiss. Defendants filed responses in opposition (#100/104) to which Plaintiff replied (#111).

I.  Background

    On July 6, 2011, Plaintiff filed the present action asserting, essentially, that her local postal workers' union, Defendant APWU-LOCAL #7156 ("the Local"), violated its duty of fair representation by failing to file and investigate grievances, by abandoning and withdrawing

grievances, and by failing to represent Plaintiff.  Furthermore, Plaintiff alleged that the Local and the APWU-AFL-CIO ("the National") breached the union Constitution and Bylaws in twenty-one separate ways.  Plaintiff also alleged a cause of action for unfair labor practices, common law breach of fiduciary duty, and violation of the Labor Managment Relations Act ("LMRA") § 501.  Further counts alleged violations of Plaintiff's Weingarten rights and the Civil Service Reform Act, 5 U.S.C. § 7114(a)(2)(B).  Finally, Plaintiff asserted that her Constitutional right to free speech was violated at the Local's meetings.

Defendants moved to dismiss all claims and the Court granted the motion to dismiss on January 24, 2012.  However, the Court granted Plaintiff leave to amend in order to assert specific facts for each claim that the union breached its duty of fair representation.  For each grievance that Plaintiff asserted should have been filed or should have been pursued further in the grievance or arbitration process, she was ordered to specify the following: (1) the date of each claim; (2) the exact conduct leading to an actionable violation that should have been grieved or pursued further; and (3) the exact inaction which Plaintiff alleges leads to a breach of the duty of fair representation, such as whether the grievance was ignored, perfunctorily dismissed, or the specific conduct showing that the grievance was not pursued due to hostility toward Plaintiff.  Plaintiff filed her amended complaint on February 6, 2012 and Defendants have again moved to dismiss her claims under Rule 12(b).  In response, Plaintiff has moved to amend her claims again.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Consequently, there is a strong presumption against dismissing an action for failure to state a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937,

1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

    A.  Breach of the Duty of Fair Representation

A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.  See Vaca v. Sipes, 386 U.S. 171, 190 (1967).  A union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion.  Id. at 191.  However, having conducted an adequate investigation and having determined that arbitration would be fruitless, or that a grievance should be dismissed, or settling the grievance short of arbitration, alone, is not grounds for a suit for breach of the duty of fair representation absent evidence of personal hostility to Plaintiff.  Id. at 192, 194.  The Supreme Court has long recognized that unions must retain wide discretion to act in what they perceive to be their members' best interests.  See Peterson v. Kennedy,771 F.2d 1244, 1253 (9th Cir. 1985)(citing Vaca, 386 U.S. at 182; Ford Motor Co. v. Huffman, 345 U.S. 330, 337-38 (1953)).  Thus, courts have "stressed the importance of preserving union discretion by narrowly construing the unfair representation doctrine."  Johnson v. USPS, 756 F.2d 1461, 1465 (9th Cir. 1985); Peterson, 771 F.2d at 1253.

"Whether in a particular case a union's conduct is "negligent", and therefore non-actionable, or so egregious as to be "arbitrary", and hence sufficient to give rise to a breach of duty claim, is a

3

question that is not always easily answered." Peterson, 771 F.2d at 1253.  A union acts "arbitrarily" when it simply ignores a meritorious grievance or handles it in a perfunctory manner, see Vaca, 386 U.S. at 191, for example, by failing to conduct a "minimal investigation" of a grievance that is brought to its attention.  See Tenorio v. Nat'l Labor Relations Bd., 680 F.2d 598, 601 (9th Cir. 1982).  The Ninth Circuit has said that a union's conduct is "arbitrary" if it is "without rational basis," see Gregg v. Chauffeurs, Teamsters and Helpers Union Local 150, 699 F.2d 1015, 1016 (9th Cir. 1983), or is "egregious, unfair and unrelated to legitimate union interests." Johnson, 756 F.2d at 1465.  In Robesky v. Qantas Empire Airways Ltd., 573 F.2d 1082, 1089-90 (9th Cir. 1978), the court held that a union's unintentional mistake is "arbitrary" if it reflects a "reckless disregard" for the rights of the individual employee, but not if it represents only "simple negligence violating the tort standard of due care."

In all cases in which the Ninth Circuit has found a breach of the duty of fair representation based on a union's arbitrary conduct, it is clear that the union failed to perform a procedural or ministerial act, that the act in question did not require the exercise of judgment and that there was no rational and proper basis for the union's conduct.  For example, the Ninth Circuit found a union acted arbitrarily where it failed to: (1) disclose to an employee its decision not to submit her grievance to arbitration when the employee was attempting to determine whether to accept or reject a settlement offer from her employer, see Robesky, 573 F.2d at 1091; (2) file a timely grievance after it had decided that the grievance was meritorious and should be filed, see Dutrisac v. Caterpillar Tractor Co., 749 F.2d 1270, 1274 (9th Cir. 1983); (3) consider individually the grievances of particular employees where the factual and legal differences among them were significant, see Gregg, 699 F.2d at 1016; or (4) permit employees to explain the events which led to their discharge before deciding not to submit their grievances to arbitration.  See Tenorio, 680 F.2d at 601.

The Ninth Circuit has rarely held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance.  To the contrary, the court has held consistently that unions are not liable for good faith, non-discriminatory

4

errors of judgment made in the processing of grievances.  See, e.g., Castelli v. Douglas, 752 F.2d 1480, 1482 (9th Cir. 1985); Dutrisac, 749 F.2d at 1273; Singer v. Flying Tiger Line, Inc., 652 F.2d 1349, 1355 (9th Cir. 1981); Ness v. Safeway Stores, Inc., 598 F.2d 558, 560 (9th Cir. 1979); see also Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 571 (1976). A union's conduct may not be deemed arbitrary simply because of an error in evaluating the merits of a grievance, in interpreting particular provisions of a collective bargaining agreement, or in presenting the grievance at an arbitration hearing.  See Dutrisac, 749 F.2d at 1273.

Here, the allegations of the amended complaint, the Court having already dismissed these claims once, do not support claims that Defendants breached their duty of fair representation. Plaintiff's amended claims are an amalgam of legal conclusions that do not reach the level of pleading required to state "a plausible claim for relief[.]" Plaintiff essentially asserts that every action taken by the Unions were done with hostility and an improper motive all based on a single EEO claim.  The actual factual allegations, such as failure to return phone calls and provide written explanations, are at worst negligence.  Negligence is insufficient to state a claim for breach of the duty of fair representation.  In some instances, Plaintiff pleads that the Unions settled the grievances in her favor or appealed them to higher levels on her behalf, but Plaintiff was still dissatisfied.  A court should not attempt to second-guess a union's judgment when a good faith, non-discriminatory judgment has in fact been made. "It is for the union, not the courts, to decide whether and in what manner a particular grievance should be pursued." Peterson, 771 F.2d at 1254.  Accordingly, the Court must dismiss the claims alleged in Plaintiff's amended complaint.[1]

B. Plaintiff's Motions to Amend and Supplement the Complaint and Briefing

Under the Federal Rules of Civil Procedure Rule 15(a), a party may amend its pleading once as a matter of course.  In all other cases a party may amend if the adverse party gives written consent

---

[1] The amended complaint reasserts claims that the Court dismissed with prejudice the first time and did not grant Plaintiff leave to amend.  For example, the Court did not allow Plaintiff to reassert claims for grievances that were never filed and claims for breach of the APWU constitution. Therefore, those claims are dismissed in accordance with the Court's prior order.

1 or with leave of the court. Courts should freely grant leave to amend. Fed. R. Civ. P. 15(a). However,
2 a court may deny a proposed amendment which "(1) prejudices the opposing party; (2) is sought in
3 bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp. v.*
4 *Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006).  Here, the Court must deny the proposed
5 amendments and supplements because they are futile.
6      First, the proposed amended complaint does not change the language of any of the claims, but
7 merely supplements the copious and unnecessary exhibits to the complaint.  Furthermore, the
8 proposed amendments and supplements rarely contain admissible evidence.  Though Plaintiff
9 believes that they may strengthen her case, inadmissible evidence is no evidence.  All a complaint is
10 required to contain under Rule 8 is a concise statement of the facts supporting a claim for relief.
11 Rather than add the facts requested by the Court so that Plaintiff may avoid dismissal, Plaintiff
12 instead strengthened the legal conclusions she had already included in her initial complaint.  Having
13 already given Plaintiff an opportunity to amend and having notified her of which facts were
14 necessary to survive a subsequent motion to dismiss, the Court need not give her additional time to
15 comply with the Court's order.  Accordingly, the motions to amend and supplement are denied.

16 IV.  Conclusion
17      Accordingly, IT IS HEREBY ORDERED that Defendants APWU-AFL-CIO and APWU-
18 Local #7156's Motion to Dismiss Amended Complaint (#81/82) is **GRANTED**;
19      IT IS FURTHER ORDERED that Plaintiffs' Motions for Leave to Supplement (#96/102) are
20 **DENIED**;
21      IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**;
22 ///
23 ///
24 ///
25 ///
26 ///

6

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this __18__ day of July 2012.

_____
Kent J. Dawson
United States District Judge